Filed 12/11/20  P. v. Kosanke CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C088967 |
| v. | (Super. Ct. No. 17FE013259) |
| GREGORY JOHN KOSANKE, | |
| Defendant and Appellant. | |

Defendant Gregory John Kosanke was convicted of a lewd act and an attempted lewd act involving A., a child under the age of 14.  (Pen. Code, §§ 288, subd. (a); 664.) The trial court sentenced him to an aggregate term of six years in prison.

Defendant now contends (1) the trial court abused its discretion, and thereby violated his due process rights, by admitting propensity evidence under Evidence Code section 1108 without holding an evidentiary hearing under Evidence Code section 402; (2) the trial court violated his constitutional right to present a defense by excluding, under Evidence Code section 352, the testimony of A.'s former Girl Scout leader that A. often exaggerated or invented injuries, which was relevant to A.'s dishonesty or reputation for

dishonesty; (3) even if the errors were individually harmless, they were cumulatively prejudicial; and (4) admission of propensity evidence under Evidence Code section 1108 undermined the fundamental fairness of defendant's trial and violated his constitutional rights.

We conclude (1) the trial court did not abuse its discretion or violate defendant's due process rights by admitting propensity evidence without holding an evidentiary hearing; (2) the trial court did not violate defendant's constitutional right to present a defense; (3) there was no cumulative prejudice because there was no error; and (4) the admission of propensity evidence did not violate defendant's constitutional rights.

We will affirm the judgment.

BACKGROUND

Defendant's contentions pertain to the trial court's rulings on the admission of evidence. Because we review the correctness of those rulings in light of what the trial court knew at the time of the ruling (*People v. Hendrix* (2013) 214 Cal.App.4th 216, 243 (*Hendrix*)), we will provide a brief summary of the background here, and then in the discussion provide a more complete recitation of the record as relevant to the challenged evidentiary rulings.

Defendant coached a basketball team. His daughter R.R. and the 10-year-old victim A. were members of the team. After one of the games, A. went to defendant's house for a sleepover with R.R. When R.R. and A. got into R.R.'s bed, defendant got partly under the covers next to A. and talked about the basketball game. As he did, he put his hand into A.'s pants and touched her vagina for about three seconds. A. pushed defendant's hand away, defendant tried to touch her vagina again, and A. again pushed his hand away.

The prosecution presented propensity evidence consisting of defendant's prior acts. In one incident, 12-year-old S.K. was playing with R.R. in the front yard of defendant's home. Defendant swung S.K. around and put his hand on her vagina when

2

he set her down.  In another incident at a birthday party, defendant approached S.K. while she was dancing with other children and put his body against hers, grinding on her back. She could feel his stomach, genitals, and knees against her.  After these incidents, defendant's family and S.K.'s family had a feud that began when defendant and his wife scolded S.K. for not playing with R.R.

Defendant testified and denied the conduct with A. and S.K.  He also presented evidence regarding the feud between his family and S.K.'s family.

DISCUSSION

I

Defendant contends the trial court abused its discretion, and thereby violated his due process rights, by admitting propensity evidence without holding an evidentiary hearing under Evidence Code section 402.  He claims defense counsel's objection to the evidence and offer of proof, including defense counsel's statement that he could show the prior-act evidence was false, required the trial court to hold an evidentiary hearing.

We first note that defendant's briefing on this issue is deficient because he relies on the evidence introduced at trial to support his argument that the trial court should have held an evidentiary hearing before trial.  He includes about 10 pages pertaining to evidence introduced at trial concerning the prior acts and the feud between the two families.  As we have mentioned, however, we review the correctness of trial court rulings in light of what the trial court knew at the time of the ruling, not in light of later events or evidence.  (*Hendrix, supra,* 214 Cal.App.4th at p. 243; see also *People v. Hartsch* (2010) 49 Cal.4th 472, 491 [motion to suppress]; *People v. Welch* (1999) 20 Cal.4th 701, 739 [review of competency determination].)  Defendant presents the evidence from trial because he says it was what an evidentiary hearing would have shown.  But he presents no authority indicating we should consider the evidence from trial in this context.  We will only consider the proceedings leading up to the trial court's decision to admit the prior-act evidence, including defendant's offer of proof.

3

A

"Evidence Code section 402 provides a procedure for the trial court to determine outside the presence of the jury whether there is sufficient evidence to sustain a finding of a preliminary fact, upon which the admission of other evidence depends." (*People v. Galambos* (2002) 104 Cal.App.4th 1147, 1156.) A full evidentiary hearing is not mandated by Evidence Code section 402 in cases such as this. The statute provides: "When the existence of a preliminary fact is disputed . . . . [¶] . . . The court *may* hear and determine the question of the admissibility of evidence out of the presence or hearing of the jury; but in a criminal action, the court shall hear and determine the question of the admissibility of a confession or admission of the defendant out of the presence and hearing of the jury if any party so requests." (Evid. Code, § 402, subds. (a) & (b), italics added.) As in the present case, in "situations not involving confessions or admissions going directly to the crime charged, it is within the trial judge's discretion as to whether [to] initially hear evidence outside the presence of the jury as to a preliminary fact that may bear upon the admissibility of proffered evidence." (*People v. Slocum* (1975) 52 Cal.App.3d 867, 888.) The trial court thus may exercise its discretion concerning whether to hold an evidentiary hearing outside the presence of the jury. (See *People v. Williams* (1997) 16 Cal.4th 153, 196 (*Williams*) [the trial court did not abuse its discretion in declining to hold a hearing outside the presence of the jury on the admissibility of gang evidence]; *People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1211 [the trial court did not abuse its discretion in declining to conduct an evidentiary hearing before allowing the prosecutor to call a witness over the defendant's objection that the testimony was irrelevant and prejudicial], overruled on another ground in *People v. Rangel* (2016) 62 Cal.4th 1192, 1216.)

With this in mind, we recount the proceedings leading up to the trial court's decision to admit the prior acts propensity evidence without holding an evidentiary hearing.

4

The prosecution filed a motion in limine to admit evidence of defendant's prior lewd touching of a 12-year-old girl, S.K., in 2011, under Evidence Code sections 1101 and 1108. In connection with the motion in limine, the prosecutor made a written offer of proof. S.K. lived next door to defendant, and her family was invited to defendant's 50th birthday party in 2011. S.K.'s father reported to police during the investigation in this case in 2016 that he observed defendant approach S.K., put his chest to her chest, and wiggle his chest against hers. S.K. immediately backed away. Defendant looked over at S.K.'s father and walked away. S.K. reported to police during the investigation in this case that defendant approached S.K. while she was dancing with other girls. He put his body against her and shook his upper and lower body against her. S.K. also reported that, on another occasion, she and defendant's daughter R.R. were playing in the front yard when defendant picked up S.K. and swung her around. When he put her down, he grabbed her vagina over her clothes.

The defense filed an opposition to the prosecution's motion to admit the prior-act evidence. In the opposition, defense counsel wrote that defendant and S.K.'s family were involved in a feud after defendant and his wife confronted S.K.'s family about S.K. not playing with R.R. According to defense counsel, S.K.'s family "joined forces" with A.'s family during the investigation in this case. Defense counsel attached police reports of interviews with S.K. and her father.

Defense counsel claimed that nearly everything S.K.'s family said to law enforcement turned out to be provable lies. He argued it was highly unlikely the alleged acts with S.K. happened given the lies, adding: "[T]he willingness of [S.K's family] to lie about anything and everything to do with [defendant's family] and the way [S.K.'s family] treated [defendant's family] for years during their feud suggest a bias so pervasive, that under [Evidence Code section] 352 analysis, none of their evidence has sufficient reliability to be believed." The defense asked the trial court to conduct an

evidentiary hearing under Evidence Code section 402 on the admissibility of the prior-act evidence.

The trial court held a hearing on the prosecution's motion in limine. The prosecutor described the similarities between the prior acts and the current case. After arguing that the trial court could not do a full Evidence Code section 352 analysis based on the briefing, defense counsel gave a detailed description of the evidence he believed should lead the trial court to exclude the prior-act evidence. According to defense counsel, defendant's family and S.K.'s family had been involved in a feud for five or six years. S.K.'s family engaged in reprehensible conduct toward defendant's family, calling defendant's wife names and engaging in conduct to annoy defendant's family. S.K.'s family blamed defendant's family for getting them kicked out of their rental. A.'s family searched the neighborhood for anyone to say bad things about defendant's family and found only S.K.'s family. Witnesses from defendant's 50th birthday party did not see defendant engage in any conduct with S.K. Even though S.K. said she told her parents about the touching when defendant swung her around, her parents claimed not to have heard about it. S.K. did not report defendant's conduct until six years later. If S.K.'s family had anything on defendant or his family, they would have brought it up during the feud. Even though S.K.'s father said his family had no more contact with defendant's family after the 50th birthday party, there is evidence they continued to have contact. Although S.K.'s family asserted that defendant molested another girl in the neighborhood, that girl denied being molested. Finally, defense counsel said: "The allegations themselves are so improbable. The one at the dance is just provably not true. The one where he's twirling her around is not provably false, but doesn't really make sense that these people who hate [defendant's family] so much, their daughter would come tell them he touched me in my private parts when she was 12 years old and they would do nothing, not hear her, not register, doesn't make any sense." Defense counsel again asked for an evidentiary hearing.

6

The trial court stated: "I have read all the attached motions and your report. A 402 hearing is necessary if there's a preliminary fact in dispute. And here what you're arguing is basically there are people who would come and contradict what some of the People's witnesses would say and it would go to their credibility, and you've also introduced statements regarding what bias they may have." Concerning the birthday party incident, the trial court noted: "So, [the defense has] witnesses saying they didn't see it. [The prosecutor] has two witnesses saying it did happen. So I understand that there are witnesses who are going to come and impeach or say something that is different. That is different than something that is absolutely not provable."

After defense counsel argued the prior-act evidence would consume an enormous amount of time, the trial court accepted the defense's offer of proof concerning the evidence and the bias of S.K.'s family. The trial court proceeded to a detailed analysis under Evidence Code sections 352 and 1108, which we need not recount here, and concluded it would admit the prior-acts evidence because the prejudicial effect of the evidence did not substantially outweigh its probative value and the evidence would not consume an undue amount of trial time.

C

Defendant contends the trial court's refusal to hold an evidentiary hearing meant it did not perform an adequate analysis under Evidence Code section 352, especially concerning the probative value of the evidence and the consumption of time. To the contrary, the trial court addressed the probative value of the evidence and the consumption of time. When it did so, it had received the parties' offers of proof. It understood the basic elements of the potential trial testimony and the substantial amount of time the prior-acts evidence would consume. Nothing more was necessary for the trial court to make an informed ruling on the admissibility of the evidence. Defendant fails to establish, based on what the trial court knew at the time of the ruling, that an evidentiary hearing under Evidence Code section 402 was necessary to a proper analysis of the

7

admissibility of the prior-acts evidence. The trial court did not abuse its discretion and did not violate defendant's due process rights by ruling on the admissibility of the evidence without holding an evidentiary hearing. (*Williams, supra,* 16 Cal.4th at pp. 196-197.)

II

Defendant next contends the trial court violated his constitutional right to present a defense by excluding, under Evidence Code section 352, the testimony of A.'s former Girl Scout leader that A. often exaggerated or invented injuries, which defendant claims was relevant to A.'s credibility or reputation for dishonesty.

We review the trial court's evidentiary rulings under the abuse of discretion standard. (*People v. Hamilton* (2009) 45 Cal.4th 863, 944.) However, defendant asserts that, because he is making a constitutional argument, we must review this ruling de novo, giving no deference to the trial court. He is mistaken. Even when a defendant claims exclusion of defense evidence deprived him of his constitutional right to present a defense, we review the ruling under the abuse of discretion standard. (*Ibid*.; contra *People v. Seijas* (2005) 36 Cal.4th 291, 304 [de novo review when ruling affects defendant's right to confront witnesses].)

Evidence Code section 352 provides: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." When a trial court excludes evidence under Evidence Code section 352, we will reverse only on a showing of prejudicial abuse of discretion, a showing that the trial court's ruling was arbitrary, capricious, or patently absurd and resulted in a manifest miscarriage of justice. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124.)

The defense informed the trial court and the prosecutor that it intended to call Nicole Liotine, A.'s Girl Scout leader, as a witness to offer an opinion concerning A.'s

8

truthfulness and honesty. The prosecutor objected to admission of the testimony based on Evidence Code section 352. Defense counsel made an oral offer of proof: Liotine was A.'s Girl Scout leader with "plenty of opportunity to observe her interacting with other girls over the weeks and months leading up to the allegations." Defense counsel added that he intended to question Liotine about A.'s reputation for truthfulness and honesty, citing Liotine's observations that A. "was always pretending to be sick or hurt or injured, seeking attention." The trial court noted that the defense had not given the prosecution notice of this testimony from Liotine and directed defense counsel to reduce to writing Liotine's statements. After this discussion concluded, defense counsel informed the trial court that it misspoke and Liotine was not the witness who was A.'s Girl Scout leader. Instead, the Girl Scout leader was Joanne Brand. Defendant states in his opening brief that the trial court "appeared to exclude" the evidence concerning A.'s credibility and reputation for dishonesty. However, no such ruling appears on the cited page of the record on appeal.

After defense counsel got organized, the trial court entertained the issue of whether Joanne Brand, the former Girl Scout leader, would be able to testify that A. was dramatic and always looking for attention, that she always had an "owie," and that she would wear a knee brace or an arm brace. According to the offer of proof, it was Brand's opinion that A. was not injured but was looking for attention and that she was dishonest. The trial court noted the defense could not establish A. was dishonest if there was no evidence the injuries were faked. The trial court observed that it appeared Brand's opinion concerning A.'s reputation for truthfulness was based on speculation that she did not really have the injuries. The trial court excluded the testimony under Evidence Code section 352 because Brand's opinion of A.'s dishonesty and reputation for dishonesty was based on speculation.

Joanne Brand later testified but did not opine on A.'s reputation for dishonesty. Defendant attempts to rely on some of those later proceedings to show the trial court

9

abused its discretion when it ruled on the admissibility of Brand's testimony concerning A.'s credibility and reputation for dishonesty. We will not consider those proceedings because they occurred after the trial court made its ruling. (*Hendrix, supra,* 214 Cal.App.4th at p. 243.)

Defendant argues the trial court abused its discretion because the issue of whether A. was credible or had a reputation for dishonesty was essential to his defense. While we agree with defendant that testimony about A.'s credibility and reputation for dishonesty could have been relevant, the trial court appropriately noted that the way the evidence was presented was based on speculation. Brand observed that A. wore an arm brace or a knee brace, and Brand believed the injuries were faked. But the offer of proof did not indicate that A. was not actually injured, it merely indicated Brand thought A. was not actually injured. Therefore, Brand's opinion that A. was dishonest or had a reputation for dishonesty was based on speculation. Under these circumstances, the testimony had little probative value, if any, and the trial court did not abuse its discretion by excluding it and therefore did not violate defendant's right to present a defense.

### III

Defendant contends that, even if the errors were individually harmless, they were cumulatively prejudicial. Because we find no error, we also conclude there was no cumulative prejudice.

### IV

Defendant further contends admission of propensity evidence undermined the fundamental fairness of his trial and violated his constitutional rights. He acknowledges that we are bound by the decision of the California Supreme Court in *People v. Falsetta* (1999) 21 Cal.4th 903, finding that admission of propensity evidence under Evidence Code section 1108 does not violate a defendant's constitutional rights. Nonetheless, he asks this court to "add its respected voice to the conversation . . . ." We decline the invitation, except to note that *Falsetta* has been the law of California for 21 years now.

10

DISPOSITION

The judgment is affirmed.

/S/
MAURO, J.

We concur:

/S/
ROBIE, Acting P. J.

/S/
HOCH, J.